IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. STOCKTON
ADC #169885                                                                                           PLAINITFF

V.                               NO. 4:23-cv-00503-BRW-ERE

AUNDREA CULCLAGER, *et al.*                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

Plaintiff Joshua M. Stockton, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Stockton's original complaint alleged that ADC officials retaliated against him based on his use of the ADC grievance procedure. He sued ten individuals in both their official and individual capacity seeking both monetary and injunctive relief.

The Court previously determined that Mr. Stockton's complaint arguably failed to state a plausible constitutional claim. *Doc. 4*. However, rather than screen the original complaint and recommend dismissal, the Court postponed the screening process[1] to give Mr. Stockton an opportunity to file an amended complaint clarifying his constitutional claims. The same day, Mr. Stockton filed an amended complaint. *Doc. 5*. However, Mr. Stockton's amended complaint failed to remedy many of the defects identified by the Court in the June 12 Order. And Mr. Stockton failed to respond to the Court's June 12 Order. Accordingly, for the reasons explained below, Mr. Stockton's claims should be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.

## III. Discussion:

### A. Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. Mr. Stockton's Allegations

In his original complaint, Mr. Stockton generally alleged that ADC officials retaliated against him based on his use of the grievance procedure. In his amended complaint, Mr. Stockton specifically states: (1) on December 14, 2022, Defendant Culclager found his grievance to be "with merit," but "never enforced her findings" (*Doc. 5 at 6*); (2) Defendant Steward "conspires to thwart Plaintiff[']s redress attempts due to Plaintiff pursing protected previous conduct upon her in the past" (*Id. at 8*); (3) Defendants Cobbs and Courtney "conspired together to retaliate against Plaintiff for his previous protected activities upon them" (*Id. at 9*); (4) Defendant Boulden "became a party to the conspiracy to thwart the Plaintiff[']s redress attempts by intimidational[sic] threatening on the protected activity of the Plaintiff" (*Id. at 10*); (5) Defendant Reed allowed ADC employees to violate ADC policy and procedure 'in order to thwart inmate Plaintiff[']s redress attempts" (*Id. at 11*); (6) Defendant Amerine and Huff "conspire as one to thwart Plaintiff[']s redress and treatment for insomnia" (*Id. at 12*); and (7) Defendant Page "is personally

3

responsible for each inmate in his care and under personal liability is responsible for violations of rights that occur upon his inmates" *(Id. at 13)*.

### B.     Retaliation Claim

To state a retaliation claim, Mr. Stockton must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Here, Mr. Stockton's speculative, conclusory, and unsubstantiated allegations

against Defendants are insufficient to state a plausible claim for unconstitutional retaliation. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

C. **Conspiracy Claim**

To state a conspiracy claim under section 1983, Mr. Stockton must plead specific facts tending to show a "meeting of minds" among the alleged conspirators. See *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Mr. Stockton fails to include any such facts in his complaint or amended complaint. Accordingly, he has failed to state a plausible claim for relief for conspiracy. In addition, Mr. Stockton's failure to plead any constitutional claim is also fatal to his conspiracy claim. See *Agency Servs. of Arkansas, Inc. v. Mongar*, 2014 WL 1760894, *6 (E.D. Ark. May 2, 2014) (citing *Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393, 406–407 (Ark. 2002)) (internal citation omitted) ("A civil conspiracy is not actionable in and of itself, but a recovery may be had for damages caused by acts committed pursuant to the conspiracy.").

### D. Violation of ADC Policy – Defendant Reed

To the extent that Mr. Stockton alleges that Defendant Reed violated his constitutional rights by allowing other ADC officials to fail to follow ADC policies and procedures, this claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E. Supervisor Liability – Defendant Page

Mr. Stockton appears to seek to hold Defendant Page liable based on his position as Superintendent of the ADC. However, a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . .§ 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Accordingly, Mr. Stockton has failed to state a constitutional claim for relief against Defendant Page.

**IV.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Stockton's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 19 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE